1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
8                   NORTHERN DISTRICT OF CALIFORNIA
9

10   DANIEL FARRELL,
11                 Plaintiff,                   Case No. 16-cv-02711 NC
12        v.                                    **ORDER GRANTING MOTION TO**
                                                **DISMISS WITH LEAVE TO AMEND**
13   BOEING EMPLOYEES CREDIT                     Re: Dkt. No. 39
     UNION, et al.,
14
                 Defendants.
15

16        In this unfair debt collection case, defendants Boeing Employees Credit Union and
17   Moore Brewer & Wolfe move to dismiss plaintiff Daniel Farrell's intentional infliction of
18   emotional distress ("IIED") claim.  Dkt. No. 39.  Because the Court finds Farrell's IIED
19   claim is not entirely time barred, but that he has not pled defendants' conduct was
20   "outrageous," the Court GRANTS defendants' motion to dismiss, with leave to amend.

21   **I.    FACTUAL BACKGROUND**

22        This case arises from a motor vehicle financing agreement Farrell allegedly failed to
23   maintain.  Dkt. No. 33 at 3.  Boeing's complaint, filed on or about May 28, 2010,
24   requested physical repossession of the motor vehicle *or* the remaining balance on the
25   contract.  *Id*. at 4-5.  Moore, Boeing's attorney, succeeded in obtaining a default judgment
26   against Farrell, who did not respond to the complaint, for both physical repossession of the
27   motor vehicle at issue *and* the full amount on the contract.  *Id*. at 3-4.  The court issued a
28   Writ of Execution (Money Judgment) and Possession of Personal Property.  *Id*. at 5.

Case No. 16-cv-02711 NC

1  Farrell's car was repossessed on or about June 8, 2011.  *Id.*

2  Farrell alleges that on September 4, 2012, on behalf of Boeing, Moore "had the Court

3  issue a Writ of Execution" for a money judgment, which resulted in the garnishment of his

4  wages.  *Id.* at 6.  That garnishment allegedly went on until September 23, 2015, coming to

5  a total of $26,027.51.  *Id.*  According to Farrell, and as relevant to this motion to dismiss,

6  as a result of Boeing and Moore's conduct, he "has suffered great physical, emotional and

7  mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite

8  time in the future, all to Plaintiff's great detriment and loss."  *Id.* at 7.  Farrell also alleges

9  the actual future damages of "financial and dignitary harm arising from loss of property,

10  loss of transportation, and the injury to credit rating and reputation," that will go on for an

11  indefinite period of time.  *Id.*

## II.  PROCEDURAL HISTORY

13  Farrell filed his complaint in Monterey County Superior Court on April 11, 2016.

14  Dkt. No. 1 at 1. Boeing and Moore removed the case to federal court on May 19, 2016.  *Id.*

15  Both parties consented to the jurisdiction of a magistrate judge.  Dkt. Nos. 10, 18.  Boeing

16  and Moore subsequently filed a motion to dismiss portions of the complaint.  Dkt. No. 14.

17  The Court granted in part and denied in part the motion to dismiss, and gave Farrell leave

18  to amend his complaint as to Fair Credit Reporting Act claim.  Dkt. No. 29 at 8.  Farrell

19  filed an amended complaint on August 4, 2016.  Dkt. No. 33.  Boeing and Moore move to

20  dismiss Farrell's IIED claim.  Dkt. No. 39.

## III.  LEGAL STANDARD

22  A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

23  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

24  motion to dismiss, all allegations of material fact are taken as true and construed in the

25  light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

26  38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are

27  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re*

28  *Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need

United States District Court
Northern District of California

Case No. 16-cv-02711 NC                2

1  not allege detailed factual allegations, it must contain sufficient factual matter, accepted as
2  true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
3  550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw
4  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
5  *v. Iqbal*, 556 U.S. 662, 678 (2009).

6      If a court grants a motion to dismiss, leave to amend should be granted unless the
7  pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203
8  F.3d 1122, 1127 (9th Cir. 2000).

9  **IV.  DISCUSSION**

10      Boeing and Moore object to Farrell's adding an IIED claim to his complaint, arguing
11  that Farrell's amended complaint "exceeds the scope of the leave to amend granted by the
12  Court" in the previous order.  Dkt. No. 39 at 3.  Boeing and Moore further contend the
13  inclusion of the IIED claim would be "futile" because the statute of limitations has run.  *Id*.
14  Lastly, defendants assert the amended complaint fails to state an IIED claim.  *Id*.

15      **A.      Farrell Did Not Improperly Add An IIED Claim To His Complaint.**

16      Federal Rule of Civil Procedure 15(a)(1) allows a party to amend their pleading
17  once "as a matter of course" within 21 days of serving it or within 21 days after a response
18  has been filed.  After this period, amendment is allowed with leave of court.  Fed. R. Civ.
19  P. 15(a)(2).  The "court should freely give leave when justice so requires."  *Id*.  Here,
20  Farrell did not properly allege IIED in his original complaint dated April 11, 2016.  Dkt.
21  No. 3-1 at 1.  On page one of the complaint, Farrell stated his "action" arose from, among
22  other claims, defendants' IIED.  *Id*.  The Court did not see a reference to IIED anywhere
23  else in the complaint.  Farrell's IIED claim is alleged in the amended complaint.  Dkt. No.
24  33 at 15.  Given that Farrell did originally reference a claim for IIED, and given Rule
25  15(a)(2)'s policy that leave to amend should be given freely, the Court will permit Farrell
26  to retain the now pled IIED claim in the amended complaint.

27      **B.      Farrell Does Not State An IIED Claim.**

28      Boeing and Moore challenge the sufficiency of Farrell's IIED allegations.  Dkt. No.

United States District Court
Northern District of California

39 at 7.  They argue the use of the judicial system to repossess Farrell's vehicle and collect upon a judgment is not extreme and outrageous conduct.  *Id.*  Farrell alleges, however, that Boeing and Moore were "well-versed in collection practices," and owed him "a duty of care to properly obtain a judgment against him, as well as follow the California laws as it pertains to collection of a judgment."  Dkt. No 33 at 15.   Because of defendants' familiarity with collection practices, Farrell alleges they "acted intentionally or at least recklessly when they executed on a judgment and/or void judgment by way of wage garnishment" on an out of state judgment debtor, and when they failed to notify Farrell of his rights under California consumer protection laws.  *Id.*

The elements of IIED are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Kiseskey*, 144 Cal. App. 3d at 229; *Cervantez v. J.C. Penney Co.,* 24 Cal. 3d 579, 593 (1979) (characterizing the first element as "extreme *and* outrageous conduct").  The conduct complained of must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez,* 24 Cal. 3d at 593*; Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1150 (9th Cir. 1988).

Debt collection, by its nature, causes the debtor emotional distress; however, "[s]uch conduct is only outrageous if it goes beyond all reasonable bounds of decency." *Ross v. Creel Printing & Publ'g Co*., 100 Cal. App. 4th 736, 745 (2002) (internal citations and quotations marks omitted).  "An assertion of legal rights in pursuit of one's own economic interests does not qualify as 'outrageous' under this standard." *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1398 (1999).  In *Yu*, like here, defendants garnished plaintiffs' wages to obtain repayment of a debt. *Yu*, 69 Cal. App. 4th at 1383.  The objection here is to the illegality of the out-of-state wage garnishment. Dkt. No. 41 at 8.  However, in *Yu*, the court found that even though the defendants may have abused the legal process by filing their claim in an incorrect venue, summary judgment for defendants was appropriate as to the IIED claim.  *Compare Yu*, 69 Cal. App. 4th at 1389-90, 1397-98, *with Bowden v.*

*Spiegel, Inc*., 96 Cal. App. 2d 793, 795 (1950) (IIED claim was stated where collection agent phoned plaintiff's neighbor at 11 p.m. claiming to need to speak with plaintiff due to an emergency, but when plaintiff spoke to defendant as the neighbors listened, defendant told her to prepare for a shock, demanded payment, and threatened to take her to court). Here, the Court finds the IIED claim analogous to the unsuccessful IIED claim in *Yu* and that, as pled, Boeing and Moore's conduct does not rise to the level of "extreme and outrageous" conduct.  Accordingly, the Court finds Farrell has not stated a claim for IIED.

### C.    The IIED Claim Is Not Entirely Time Barred.

Boeing and Moore also argue Farrell's IIED claim is time barred because the statute of limitations for IIED is two years.  Cal. Civ. Proc. Code § 335.1.  The alleged Writ of Execution occurred on September 4, 2012.  Dkt. No. 33 at 6.  However, Farrell argues the doctrine of "continuous accrual" and the "last element rule" should rescue his IIED claim from the two-year statute of limitations.  Dkt. No. 41 at 6-8; *see* Civ. Proc. § 335.1.

The "last element rule" establishes that a claim accrues when the last of the wrongdoing, harm, and causation forming the basis of the claim is complete.  *Aryeh v. Canon Bus. Sols., Inc*., 55 Cal. 4th 1185, 1191 (2013) (internal citations omitted).  The statute of limitations for IIED begins to run when "the effects of a defendant's conduct results in plaintiff's severe emotional distress."  *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal. App. 3d 222, 232 (1983).  Under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period.  *Aryeh*, 55 Cal. 4th at 1192 (citing *Howard Jarvis Taxpayers Assn. v. City of La Habra*, 25 Cal.4th 809, 818-22 (2001)).  Continuous accrual applies whenever there is a continuing or recurring obligation.  *Id*. at 1199.  Because each new breach of such an obligation provides all the elements of a claim including wrongdoing, harm, and causation, each may be treated as an independently actionable wrong with its own time limit for recovery.  *Id*.

Disputes regarding monthly billing and payments have triggered the application of

continuous accrual. In such cases, statute of limitations periods reset every month that the harm occurred. *See e.g., Aryeh*, 55 Cal.4th at 1200-01 (unlawful charges in monthly bills triggered continuous accrual); *Tsemetzin v. Coast Fed'l Sav. & Loan Ass'n*, 57 Cal. App. 4th 1334, 1344 (1997) (periodic monthly rent payments due triggered continuous accrual); *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co*., 116 Cal. App. 4th 1375, 1388–89 (2004) (monthly payments on a gas and oil lease triggered continuous accrual); *cf. Howard Jarvis Taxpayers*, 25 Cal. 4th at 812 (finding that if a tax was illegal, "its continued imposition and collection is an ongoing violation, upon which the limitations period begins anew with each collection.").

In contrast, in a recent case in this district, the court found that the continuous accrual doctrine did not apply to a group of former employees' California law claims because the employees did not allege any specific new antisolicitation agreements their employer entered into within the limitations period. *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 895-96 (N.D. Cal. 2015); *see also State ex rel. Metz v. CCC Info. Servs., Inc*., 149 Cal. App. 4th 402, 418 (2007) (finding no recurring obligation or periodic payment obligations where fraudulent statements and admissions arose from a single insurance claim resolved before the limitations period ran). The court in *Ryan* further found that "if the alleged recurring injuries during the limitations period 'arose out of a single transaction' that occurred before the limitations period, the continuous accrual doctrine does not apply." *Id*. (quoting *Metz*, 149 Cal. App. 4th at 418). However, the court in *Ryan* recognized that the defendant's "continuing obligation to avoid anticompetitive behavior [was] not a periodic, recurring obligation *such as a monthly payment or monthly bill*, and as such the continuous accrual doctrine does not apply." *Ryan*, 147 F. Supp. 3d at 896 (emphasis added).

Thus, in this case, the IIED claim arises from the bi-monthly garnishment of Farrell's wages. Dkt. No. 33 at 16. The Superior Court issued the writ of execution and an earnings withholding order on September 4, 2012. *Id*. at 6. Since that time, each of Farrell's bi-monthly paychecks was allegedly garnished until September 23, 2015. *Id*. at 6; Dkt. No. 41 at 6. Farrell alleges he was notified on each statement that some of his wages

were withheld.  Dkt. No. 41 at 6.  This case is distinguishable from *Ryan* and *Metz* because the garnishment of Farrell's wages was akin to a bi-monthly payment or bill even though the obligation was executed through operation of judicial process (i.e., the earnings withholding order).  Here, Farrell filed his complaint in Monterey County Superior Court on April 11, 2016.  IIED claims have a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1.  Accordingly, an IIED claim dating back to April 11, 2014 is not time-barred.

V.     **CONCLUSION**

The Court finds Farrell's amended complaint fails to state an IIED claim, and so GRANTS Boeing and Moore's motion to dismiss that claim.  If Farrell wishes to file an amended complaint with a re-pled IIED claim, he must move for leave to amend by November 2, 2016.  His proposed amended complaint must be attached to that motion. Defendants may wait to answer the complaint until 14 days after Farrell amends the complaint or gives notice he will not amend.

**IT IS SO ORDERED.**

Dated:  October 19, 2016                                      _____
                                                                           NATHANAEL M. COUSINS
                                                                           United States Magistrate Judge

United States District Court
Northern District of California