UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FARRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>BOEING EMPLOYEES CREDIT UNION, et al.,<br><br>    Defendants. | Case No. 16-cv-02711 NC<br><br>**ORDER GRANTING MOTION TO DISMISS ON FARRELL'S IIED CLAIM WITH PREJUDICE**<br><br>Re: Dkt. No. 56 |

In this unfair debt collection case, defendants Boeing Employees Credit Union and Moore Brewer & Wolfe move to dismiss plaintiff Daniel Farrell's intentional infliction of emotional distress ("IIED") claim. Dkt. No. 56. Because the Court finds Farrell has not pled sufficient facts to support an IIED claim, even after the Court previously gave leave to amend, the Court GRANTS defendants' motion to dismiss the IIED claim WITH PREJUDICE.

## I. BACKGROUND

### A. Factual Background

This case arises from a motor vehicle financing agreement Farrell allegedly failed to maintain. Dkt. No. 55 at 3 (Second Amended Complaint). Boeing's complaint, filed on or about May 28, 2010, requested physical repossession of the motor vehicle or the remaining balance on the contract. *Id*. at 4-5. Moore, Boeing's attorney, succeeded in obtaining a

Case No. 16-cv-02711 NC

1  default judgment against Farrell, who did not respond to the complaint, for both physical
2  repossession of the motor vehicle at issue and the full amount on the contract. *Id*. at 3-4.
3  The court issued a Writ of Execution (Money Judgment) and Possession of Personal
4  Property. *Id*. at 5.

5      Farrell's car was repossessed on or about June 8, 2011. *Id*. Farrell alleges that on
6  September 4, 2012, on behalf of Boeing, Moore "had the Court issue a Writ of Execution"
7  for a money judgment, which resulted in the garnishment of his wages. *Id*. at 6. That
8  garnishment allegedly went on until September 23, 2015, coming to a total of $26,027.51.
9  *Id*. According to Farrell, and as relevant to this motion to dismiss, as a result of Boeing
10 and Moore's conduct, he "has suffered great physical, emotional and mental pain and
11 anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future,
12 all to Plaintiff's great detriment and loss." *Id*. at 11. Farrell also alleges the actual future
13 damages of "financial and dignitary harm arising from loss of property, loss of
14 transportation, and the injury to credit rating and reputation," that will go on for an
15 indefinite period of time. *Id*.

### B. Procedural History

17     Farrell filed his complaint in Monterey County Superior Court on April 11, 2016.
18 Dkt. No. 1 at 1. Boeing and Moore removed the case to federal court on May 19, 2016.
19 *Id*. Both parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 10, 18.
20 Boeing and Moore subsequently filed two motions to dismiss portions of the complaint.
21 Dkt. Nos. 14, 39. The Court granted in part and denied in part the first motion, and gave
22 Farrell leave to amend his complaint. Dkt. No. 29 at 8. On the second motion to dismiss,
23 defendants sought to dismiss the IIED claim, which the Court granted with leave to amend.
24 Dkt. No. 44. Farrell filed the Second Amended Complaint on November 16, 2016. Dkt.
25 No. 55. Defendants once again move to dismiss the IIED claim. Dkt. No. 56.

## II. LEGAL STANDARD

27     A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
28 sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a

Case No. 16-cv-02711 NC      2

1  motion to dismiss, all allegations of material fact are taken as true and construed in the
2  light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-
3  38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are
4  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re*
5  *Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need
6  not allege detailed factual allegations, it must contain sufficient factual matter, accepted as
7  true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
8  550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw
9  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
10 *v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

The issue presented in defendants' motion is whether Farrell states a claim for IIED.

The elements of IIED are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal. App. 3d 222, 229 (1983); *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979) (characterizing the first element as "extreme and outrageous conduct"). The conduct complained of must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez*, 24 Cal. 3d at 593; *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1150 (9th Cir. 1988). Debt collection, by its nature, causes the debtor emotional distress; however, "[s]uch conduct is only outrageous if it goes beyond all reasonable bounds of decency." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 745 (2002) (internal citations and quotations marks omitted).

"An assertion of legal rights in pursuit of one's own economic interests does not

Case No. 16-cv-02711 NC           3

1  qualify as 'outrageous' under this standard." *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th
2  1377, 1398 (1999).  In *Yu*, like here, defendants garnished plaintiffs' wages to obtain
3  repayment of a debt.  *Yu*, 69 Cal. App. 4th at 1383.  Farrell's objection here is to the
4  purported illegality of the out-of-state wage garnishment.[1]  Dkt. No. 58 at 5-6.  There are
5  no allegations that defendants had any intent in garnishing Farrell's wages other than debt
6  collection, even if they knew the collection of the debt would cause emotional distress.  In
7  *Yu*, the court found that even though the defendants may have abused the legal process by
8  filing their claim in an incorrect venue, summary judgment for defendants was appropriate
9  as to the IIED claim.  Compare *Yu*, 69 Cal. App. 4th at 1389-90, 1397-98, with *Bowden v.
10 Spiegel, Inc.*, 96 Cal. App. 2d 793, 795 (1950) (IIED claim was stated where collection
11 agent phoned plaintiff's neighbor at 11:00 p.m. claiming to need to speak with plaintiff due
12 to an emergency, but when plaintiff spoke to defendant as the neighbors listened,
13 defendant told her to prepare for a shock, demanded payment, and threatened to take her to
14 court).

15      Here, the Court finds the IIED claim analogous to the unsuccessful IIED claim in
16 *Yu*.  Farrell has been given leave to amend his IIED claim, and has not presented to the
17 Court any analogous law or facts suggesting Boeing and Moore's conduct rose to the level
18 of "extreme and outrageous" conduct.  Farrell's case law is factually distinguishable.  *See
19 McDaniel v. Gile*, 230 Cal. App. 3d 363, 373 (1991) (where creditor had power over
20 debtor, the debtor "was peculiarly susceptible to emotional distress because of her pending
21 marital dissolution. [Creditor] was aware of [debtor's] circumstances. The withholding by
22 a retained attorney of legal services when sexual favors are not granted by a client and
23 engaging in sexual harassment of the client constitutes acts of outrageous conduct");
24 *Newby v. Alto Riviera Apartments*, 60 Cal. App. 3d 288, 296-98 (1976) *disapproved of on
25 other grounds by Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721 (1982) (finding substantial

---

[1] Defendants argue that contrary to Farrell's argument that he could not have his wages garnished out of state, the garnishment of his wage was legal under 5 U.S.C. § 5520a(a). Dkt. No. 61 at 3-4.  The Court notes the merit of this argument, but does not rely upon it in holding that Farrell has not stated a claim for IIED.

Case No. 16-cv-02711 NC            4

evidence of "outrageous" conduct where landlord made physical threats against tenant if she did not vacate property).  These cases are easily distinguishable as containing far more "outrageous" conduct than is alleged here.

As a matter of law, therefore, Farrell has not asserted a claim for IIED.  *Lopez*, 203 F.3d at 1127.  Farrell has now failed "to cure deficiencies by amendments previously allowed," and the Court finds amendment would be futile; the Court need not give Farrell additional opportunities to cure.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, the Court DISMISSES the IIED claim.  The dismissal is with prejudice.

## IV.  CONCLUSION

The Court GRANTS defendants' motion, and DISMISSES Farrell's IIED claim WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  February 2, 2017                           _____
                                                                     NATHANAEL M. COUSINS
                                                                     United States Magistrate Judge

Case No. 16-cv-02711 NC             5