UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FARRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOEING EMPLOYEES CREDIT UNION; MOORE BREWER & WOLFE, A PROFESSIONAL CORPORATION,<br><br>　　　　Defendants. | Case No. 16-cv-02711 NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING FARRELL'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 77, 78 |

In this unfair debt collection case, defendants Boeing Employees Credit Union and Moore Brewer & Wolfe move for summary judgment, and plaintiff Daniel Farrell filed a cross-motion for summary judgment. The parties filed a Joint Stipulation setting forth the three questions the Court was to answer at summary judgment. Because the Court finds in favor of Boeing and Moore on each of these questions, the Court GRANTS defendants' motion for summary judgment, and DENIES Farrell's cross-motion for summary judgment.

## I.   BACKGROUND

### A.   Stipulated Facts

In the Joint Stipulation, the parties stipulated to the following facts:

This case arises from a motor vehicle financing agreement Farrell failed to

Case No. 16-cv-02711 NC

maintain. Dkt. No. 76 at 1 (Joint Stipulation Regarding Facts; and, Questions of Law). Boeing filed a complaint on or about May 28, 2010, in California state court, for breach of the retail installment contract. *Id*. at 2. Moore, Boeing's attorney, succeeded in obtaining a default judgment against Farrell, who did not respond to the complaint, for both physical repossession of the motor vehicle at issue and the full amount on the contract. *Id*. On behalf of Boeing, Moore recorded an Abstract of Judgment. *Id*. Farrell's car was repossessed on June 8, 2011. *Id*.

In 2012, Farrell moved to Indiana, and Moore, on behalf of Boeing, obtained an earnings withholding order, which was submitted to the Defense Financing and Accounting Service (DFAS) of the United States Government pursuant to 5 U.S.C. § 5520a. *Id*. at 3. Through DFAS, Moore and Boeing garnished Farrell's wages. *Id*. When Farrell moved to Texas in September 2014, DFAS continued to garnish his wages there. That garnishment went on until November 2015. *Id*. The California judgment was not domesticated in Indiana or Texas. *Id*.

### B. Procedural History

Farrell filed his complaint in Monterey County Superior Court on April 11, 2016. Dkt. No. 1 at 1. Boeing and Moore removed the case to federal court on May 19, 2016. *Id*. Boeing and Moore subsequently filed multiple motions to dismiss portions of the complaint. Dkt. Nos. 14, 39, 56. The result of these motions was the amendment of the Fair Credit Reporting Act claim and the ultimate dismissal of Farrell's IIED claim. Farrell filed a second amended complaint on November 16, 2016. Dkt. No. 55. The parties filed a Joint Stipulation of Facts and Questions of Law with the Court, which the Court granted. Dkt. No. 76. The parties set forth three questions for the Court to decide on at summary judgment, and stipulated that if Farrell prevailed, the case would go forward to trial, but if defendants prevailed, this case would be dismissed in its entirety as a matter of law. *Id*. at 4-5. The parties subsequently filed the cross-motions for summary judgment. The Court will discuss each of the three questions below.

All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. §

636(c). Dkt. Nos. 10, 18.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## III. DISCUSSION

The parties asked the Court to answer the following questions:

1. Whether in using the procedures provided for in 5 U.S.C. § 5520a to enforce the California judgment against Farrell without domesticating the judgment in Indiana and Texas, defendants violated 15 U.S.C. § 1692i, as well as the FDCPA and RFDCPA;

2. Whether Defendants violated the FDCPA and the RFDCPA by recording the Abstract of Judgment; and

3. Whether Defendants violated the FDCPA and the RFDCPA when they

Case No. 16-cv-02711 NC    3

proceeded with enforcement of the judgment.

### A. Defendants Did Not Violate 15 U.S.C. § 1692i.

As relevant, 15 U.S.C. § 1692i(a)(2) provides that a debt collector bringing legal action on a debt not enforcing an interest in real property against a consumer must bring that action in the judicial district "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." Yet there is no allegation that § 1692i was violated in Farrell's Second Amended Complaint. Dkt. No. 55. Moreover Farrell conceded that § 1692i had not been violated at oral argument on this motion on April 19, 2017. Dkt. No. 88. Thus, the Court finds that defendants did not violate 15 U.S.C. § 1692i.

### B. Defendants Did Not Violate the FDCPA and the RFDCPA By Recording the Abstract of Judgment.

There is no allegation in the complaint or elsewhere that defendants violated the FDCPA and RFDCPA by recording the abstract of judgment in California. Dkt. No. 55. Furthermore, to the extent that issue number 2 in the Joint Stipulation was meant to ask whether defendants violated the law by "not" recording the abstract of judgment in Indiana and Texas, that question is answered in section C below. The Court finds that defendants did not violate the FDCPA and the RFDCPA by recording the Abstract of Judgment.

### C. Defendants Did Not Violate the FDCPA and the RFDCPA By Not Domesticating the Judgment Before Enforcing It.

Farrell's motion for summary judgment recognizes that the sole substantive issue before the Court is whether 5 U.S.C. § 5520a allowed Boeing and Moore to garnish his wages without domesticating the California judgment in Indiana and then Texas. Dkt. No. 78 at 5.

Title 5 U.S.C. § 5520a provides for the garnishment of federal employees' wages. The statute does not discuss the domestication of a judgment against a debtor should the debtor move out of the jurisdiction where judgment was entered. As to the "legal process" giving rise to the garnishment, the statute provides:

Case No. 16-cv-02711 NC 4

> (3) "legal process" means any writ, order, summons, or other similar process in the nature of garnishment, that—
>
>> (A) is issued by a court of competent jurisdiction within any State, . . . or an authorized official pursuant to an order of such a court or pursuant to State or local law; and
>>
>> (B) orders the employing agency of such employee to withhold an amount from the pay of such employee, and make a payment of such withholding to another person, for a specifically described satisfaction of a legal debt of the employee, or recovery of attorney's fees, interest, or court costs[.]

5 U.S.C. § 5520a(a). The statute's enabling regulations, found at 5 C.F.R. § 582 *et seq*., likewise do not mention any requirement that a judgment be domesticated. Furthermore, nowhere in the statute *or* the enabling regulations are consumer debts excluded. Nor does federal law limit garnishment to commercial debts, as Farrell argues. Dkt. No. 78 at 11.

Farrell attempts to have the Court fashion a limitation to the statute's reach that is simply not supported by the statute's or regulations' texts. Farrell bases his argument that consumer debts are excluded on the fact that the DFAS website[1] includes "commercial debts" as a type of debt that may be garnished and because the caption of § 5520a's enabling regulation reads: "Commercial Garnishment of Federal Employees' Pay." *Id*. at 10-11. However, just because the agency website names a particular debt as being covered does not mean it excludes a type not named. Furthermore, there is no definition in the statute of enabling regulations of what is and is not a "commercial debt."

Farrell's case-law based arguments to the contrary are likewise unavailing. At oral argument, Farrell asserted that *In re Meyer*, 211 B.R. 203 (Bankr. E.D. Va. 1997), supported his position that § 5520a was limited to commercial debts. The Court has reviewed this case and fails to find any text in that opinion limiting the statute to commercial debts. Farrell's citation to *First Virginia Bank v. Randolph*, 920 F. Supp. 213

---

[1] Farrell moves for the Court to judicially notice screenshots from the DFAS's website. The Court takes judicial of the existence of the website in the public realm, but declines to notice that the contents of the website are true. *Spitzer v. Aljoe*, No. 13-cv-05442 MEJ, 2016 WL 3275148, at *4 (N.D. Cal. June 15, 2016); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). Even though the Court does not find the DFAS website judicially noticeable, the Court nonetheless discusses the contents, as it does not alter the Court's opinion.

Case No. 16-cv-02711 NC    5

1  (D.D.C. 1996), *rev'd on other grounds by*, 110 F.3d 75 (D.C. Cir. 1997), is likewise
2  unavailing. That case merely provides that the statute, "for the first time, allowed the
3  garnishing of the wages of federal employees to satisfy commercial debts." *Id.* at 215.
4  Importantly, the court in that case did not limit § 5520a to commercial debts. The Court
5  will not engraft such a limitation to the statute.

6  Because there was no requirement that Moore or Boeing domesticate the California
7  judgment in either Indiana or Texas, the Court need not reach Farrell's arguments
8  regarding the failure to domesticate the California judgment in those states. Dkt. No. 78 at
9  14-17.

10  Thus, because the Court finds that the federal garnishment statute is not limited to
11  "commercial debts," the Court also finds that defendants were not required to domesticate
12  the California judgment in Indiana or Texas. The defendants followed 5 U.S.C. § 5520a.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS defendants' motion for summary judgment, and DENIES Farrell's cross-motion for summary judgment. The clerk of the court will terminate this case.

**IT IS SO ORDERED.**

Dated: April 26, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge