UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FARRELL,<br>　　　　Plaintiff,<br>　　v.<br>BOEING EMPLOYEES CREDIT UNION and MOORE BREWER & WOLFE,<br>　　　　Defendants. | Case No. 16-cv-02711-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 103, 104 |

Plaintiff Daniel Farrell brought claims for unfair debt collection against defendants Boeing Employees Credit Union and Moore Brewer & Wolfe for garnishing his wages from federal employment when he moved from California to Indiana and then to Texas. Dkt. No. 1. This Court granted summary judgment to the defendants. Dkt. No. 89. Farrell appealed. Dkt. No. 92. The Ninth Circuit Court of Appeals affirmed in part, vacated in part, and remanded this Court's order granting summary judgment. Dkt. No. 95. The Court of Appeals directed this Court to conduct a complete analysis of the question of whether 5 U.S.C. § 5520a requires compliance with the garnishment laws of the state of the debtor's residence as an issue of first impression. *Id*. at 4–5. Because the Defense Finance and Accounting Service—rather than state agencies—facilitates garnishment of federal employees' wages, this Court FINDS that § 5220a does *not* require this domestication. The defendants' motion for summary judgment is GRANTED and the plaintiff's cross-motion for summary judgment is DENIED.

## I. Background

### A. Facts

Farrell failed to maintain a motor vehicle financing agreement and Boeing obtained a default judgment against him in California state court for repossession of the vehicle and the full amount on the contract. Dkt. No. 76 (Joint Stipulation Regarding Facts; and, Questions of Law) at 1–2. Farrell, a Department of Defense employee, subsequently moved to Indiana. *Id*. at 3. Moore, Boeing's attorney, obtained an earnings withholding order and garnished Farrell's wages through the Defense Finance and Accounting Service. *Id*. This garnishment continued when Farrell later moved to Texas. *Id*. The California judgment was not domesticated in Indiana or in Texas. *Id*.

### B. Remand

On cross-motions for summary judgment, this Court held that § 5520a did not require compliance with the garnishment laws of the state of the debtor's residence based on the lack of an explicit domestication requirement in § 5520a and 5 C.F.R. pt. 582. Dkt. No. 92. The Ninth Circuit remanded that finding for this Court to conduct a complete analysis of this issue of first impression. Dkt. No. 95.

On remand, the Ninth Circuit instructed this Court to consider the following:
1. The potential applicability of Indiana's and Texas's state garnishment laws, "since, under § 5520a, the garnishment process is governed by state law." Dkt. No. 95 at 5.
2. The lack of clear statutory mandate allowing for interstate garnishment of federal employees' wages in the commercial debt context in contrast to the family law context.
3. The amount of deference, if any, owed to the Office of Personnel Management's view that domestication is not required.

The Court discusses these questions in turn. The parties submitted renewed cross-motions for summary judgment and a hearing was held on this matter. Dkt. Nos. 103, 104, 107. All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 10, 18.

**C. Statutory History**

Congress enacted 5 U.S.C. § 5520a in 1993 to provide for garnishment of wages of federal employees. Subsequently, President Bill Clinton issued Executive Order 12897 which designated the Office of Personnel Management "to promulgate regulations for the implementation" of the statute "with respect to civilian employees and agencies in the executive branch." EO 12897. In 1995, OPM did so by promulgating 5 C.F.R. Part 582 "to implement the objectives of section 5520a." 5 C.F.R. pt. 582.91. This regulation designated the Defense Finance and Accounting Service as the agent to receive all legal process for Department of Defense civilian employees whose wages were to be garnished. 5 C.F.R. pt. 581, App. A.

**II. Legal Standard**

Summary judgment may be granted when there exists no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014). Here, the parties previously stipulated to all material facts so no disputes exist. Dkt. No. 76. This Court may thus grant judgment as a matter of law.

Interpretation of a statute begins with the plain meaning of the statute itself, because there is a "strong presumption that Congress expresses its intent through the language it chooses." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 n.12 (1987). "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of a contrary legislative intent." *Andrus v. Glover Const. Co.*, 446 U.S. 608, 616–17 (1980). When language is missing in a statute, the doctrine of *expressio unius est exclusio alterius* guides that "omissions are the equivalent of exclusions." *Clark v. Capital Credit & Collection Srvs.*, 460 F.3d 112, 1169 (9th Cir. 2006). This doctrine is "a rule of interpretation, not a rule of law." *Broad v. Sealaska Corp.*, 85 F.3d 422, 433 (9th Cir. 1996).

**III. Discussion**

**A. Applicability of Indiana and Texas Statutes**

The first issue before the Court is whether Indiana and Texas state laws should have

3

applied to Boeing's garnishment of Farrell's wages. Dkt. No. 95 at 5. In directing this Court to consider this question, the Ninth Circuit noted that Indiana and Texas statutes may be applicable "since, under § 5520a, the garnishment process is governed by state law." *Id.* The statute itself defines "process" as "any writ, order, summons, or similar process in the nature of garnishment" that is "issued by a court of competent jurisdiction within any State, territory, or possession of the United States, or an authorized official pursuant to an order of such a court or pursuant to State or local law." 5 U.S.C. § 5520a(3)(A). This definition indicates that the meaning of the word "process" as used in the statute refers not generally to the mechanics of the garnishment but to *legal* process — otherwise known as a writ, warrant, mandate, summons, or other order issued from a court. The plain reading of the statute then provides that a state court must issue the writ that allows for the wages to be garnished.

The system for facilitating the garnishment for Department of Defense employees is conducted by DFAS. Indiana and Texas have statutes that allow the clerk of the court in each state to facilitate the mechanics of wage garnishment once a court has ordered it. Ind. Code Ann. 34-54-11-1; Tex. Civ. Prac. & Rem. Code Ann. § 35.005. This facilitation occurs through state agencies. *Id.* These statutes have no logical applicability to the instant situation, because DFAS facilitates the garnishment of wages for Department of Defense employees like Farrell instead.

The Ninth Circuit cited *First Virginia Bank v. Randolph* in its framing of this question. 110 F.3d 75, 79 (D.C. Cir. 1997). There, a judgment was obtained in the Superior Court of the District of Columbia and a writ was issued by that same court against an employee of the State Department. *Id.* at 75. The creditor moved to recover damages against the United States for its failure to garnish the employees' wages. *Id.* at 78. The court there stated that "by subjecting the pay of federal employees to the legal process applicable to private employers, § 5520a(b) incorporates the D.C. law" but that it did not subject the United States to actions for damages. *Id.* at 79.

*First Virginia Bank* is not instructive here for two reasons. First, 5 U.S.C. § 5520a

4

does not provide that DFAS handles wage garnishment for State Department employees like Randolph. Second, in *First Virginia Bank*, the judgment and writ were issued by the same court. Domestication was not a question in that case. The District of Columbia clerk's office produced the writ and the District of Columbia judicial system enforced the judgment. Here, Farrell moved from California to Indiana and then to Texas; our question in this case is what effect, if any, those moves should have had on the garnishment of his wages. *First Virginia Bank* sheds little light on this issue.

**B. Lack of Statutory Mandate Allowing for Interstate Garnishment**

Next, the Court addresses the lack of a clear statutory mandate allowing for interstate garnishment of federal employees' wages in the commercial debt context, in contrast to the family law context. 42 U.S.C. § 666(b)(9)(B) provides that orders to garnish wages for child support and alimony are entitled to "full faith and credit in such state and in any other State," so no domestication of those judgments is required when a debtor moves from one state to another. This language is not present in 5 U.S.C. § 5520a.

Farrell argues that this omission constitutes an intentional exclusion under the doctrine of *expressio unius est exclusio alterius*. *Clark,* 460 F.3d at 1169. This argument requires drawing a connection between 42 U.S.C. § 666(b) and 5 U.S.C. § 5520a such that language present or absent in one has bearing on the other. Farrell's argument to this effect is that § 666(b) was enacted in 1985, eight years before § 5520a. This supposed connection is rather tenuous given that the statutes are located in entirely different sections of the United States Code. Moreover, the statutes differ in that § 666 includes exhaustive instructions on how states should enforce family law garnishment orders; § 5520a provides no such direction. *See* 42 U.S.C. § 666(a) (titled "Types of Procedures Required" and stating that "each State must have in effect laws requiring the use of the following procedures . . ."). Most significantly, § 666(b) does not contain language instructing the President to designate promulgations of implementing regulations, whereas § 5520a does. *See* 5 U.S.C. § 5520a(j)(1)(A) ("Regulations implementing the provisions of this section shall be promulgated by the President or his designee for each executive agency . . .").

5

Furthermore, the doctrine of *expressio unius est exclusio alterius* "does not relieve of us our duty to make sense of the statute." *Broad*, 85 F.3d at 422. And the doctrine is best "understood as a descriptive generalization about language rather than a prescriptive rule of construction." *Id*. Other evidence—such as the regulations promulgated by OPM—makes clear the statutory intent: to process Department of Defense wage garnishment through DFAS. If garnishment were to be handled by state agencies, OPM's regulation would be nonsensical. Because garnishment is not handled by state agencies, domestication serves no purpose. To make sense of the statute, the Court infers that no domestication requirement exists in § 5520a.

### C. Deference Owed to OPM

Finally, the Court considers the amount of deference owed to the Office of Personnel Management on this issue. At 60 Fed. Reg. 13028, OPM discussed the possible Constitutional question that could arise from interstate enforcement of wage garnishment under 5 C.F.R. pt. 582. However, as the parties stipulated at the hearing on this matter, 60 Fed. Reg. 13028 is not on point. There, OPM discusses the potential liability of the government as an employer in the event that the garnisher does not comply with applicable state garnishment laws, because some states subject employers to penalties for noncompliance. 60 Fed. Reg. 13028 (stating that "the Federal Government's responsibilities as an employer are limited" and that the employing agency is not required to "determine whether the court that issued the order has lawfully acquired jurisdiction over the out-of-State obligor.") This issue does not bear on the question of whether a domestication requirement exists. OPM's guidance here at least stands for the general proposition that the federal government honors garnishment orders issued by state courts, but is otherwise inapplicable.

### IV. Conclusion

The plain reading of the statute, in context with its implementing regulations, indicates that 5 U.S.C. § 5520a does not include a requirement that creditors domesticate wage garnishment orders against federal employees if those debtors move from one state

6

to another.  Because domestication was not required of Boeing and Moore Brewer & Wolfe under § 5520a, the defendants' motion for summary judgment is GRANTED and the plaintiff's cross-motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated:  May 3, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge